**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

──────────────────────────────

**MARK BRUSCANI,**

                    **Plaintiff,**

**v.**
                                                    **17-CV-485V(Sr)**

**CENTRAL MUTUAL INSURANCE COMPANY,**

**MICHAEL BRUSCANI,**

**HOME DEPOT USA, INC.,**

**BRUSCANI CONCRETE CONSTRUCTION, INC.,**

**and**

**CYNTHIA WALCZAK,**

                    **Defendants.**

──────────────────────────────


**REPORT, RECOMMENDATION AND ORDER**

        This matter was referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions.  Dkt. #18.


        Currently before the Court is a motion by Central Mutual Insurance

Company ("Central"), to realign the parties so as to uphold removal of this action based

upon diversity jurisdiction (Dkt. #10), and motions to dismiss (Dkt. #10 & Dkt. #13),  by

Home Depot, USA, Inc. ("Home Depot"), and Bruscani Concrete Construction, Inc.

("Bruscani Concrete").  For the following reasons, it is recommended that the motions be granted.

## BACKGROUND

On November 1, 2013, Cynthia Walczak sustained personal injuries when she was struck by construction materials being loaded into a motor vehicle by Mark and Michael Bruscani at the Home Depot store in Cheektowaga, New York.  Dkt. #1-2, ¶¶ 12 & 15.  Ms. Walczak commenced a personal injury action against Home Depot, Michael Bruscani, Mark Bruscani and Bruscani Concrete in the New York State Supreme Court, County of Erie, on June 30, 2015.  Dkt. #1-2, ¶ 10.  The motor vehicle is owned by Michael Bruscani and insured pursuant to a personal auto policy issued by Central. Dkt. #1-2, ¶¶ 17-18 & Dkt. #1-8. Central disclaimed coverage on the ground that Cynthia Walczak's bodily injury was not caused by an insured "occupying" the motor vehicle.  Dkt. #1-9.

Mark Bruscani commenced this action in New York State Supreme Court, County of Erie, alleging breach of contract and seeking a declaration that he is an insured under the policy issued by Central and therefore entitled to defense and indemnification in the underlying personal injury action commenced by Cynthia Walczak.  Dkt. #1-2, ¶¶ 28-29 & 31. The complaint explains that Michael Bruscani, Home Depot, Bruscani Concrete and Cynthia Walczak "are named as Defendants in this declaratory judgment action in order to ensure that complete relief is accorded to all parties who may be affected by this proceeding."  Dkt. #1, ¶ 5.

-2-

Plaintiff Mark Bruscani and defendants Michael Bruscani and Cynthia Walczak are citizens of New York. Dkt. #1, ¶¶ 5, 7 & 10. Bruscani Concrete is a New York corporation conducting business in Erie County, New York.  Dkt. #1, ¶ 9. Central was incorporated in Ohio, where it maintains its principal place of business.  Dkt. #1, ¶ 6. Home Depot was incorporated in Delaware, with its principal place of business in Georgia.  Dkt. #1, ¶ 8.

Central removed this action to this Court based upon "diversity of citizenship among the parties, when the interests of the parties are properly aligned." Dkt. #1, ¶ 4.

## DISCUSSION AND ANALYSIS

### Motion for Realignment

Central moves to realign the parties to include Michael Bruscani, Bruscani Concrete and Cynthia Walczak as aligned with plaintiff.  Dkt. #2.  In support of this motion, Central argues that all of the New York defendants are either nominal or properly aligned with the plaintiff in this action and the only claims are against Central. Dkt. #2, pp.2 & 3.

There is no opposition to this motion.

"Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates

significant federalism concerns." *In re NASDAQ Market Makers Antitrust Litig.,* 929 F.
Supp. 174, 178 (S.D.N.Y. 1996).  "Diversity jurisdiction requires that every plaintiff on
one side of a civil action be a citizen of a different state than every defendant on the
other side." *Maryland Cas. Co. v. W.R. Grace & Co.*, 23 F.3d 617, 621 (2d Cir. 1993),
*cert. denied*, 513 U.S. 1052 (1994).  However, parties should not be permitted to
manipulate alignment to manufacture diversity jurisdiction.  *Id.* at 623.  Conversely, "a
plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of
removal by merely joining as defendants parties with no real connection with the
controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998).
The court must align the parties in accordance with their actual interests in the dispute
so as to "ensure that the case truly involves the kind of adversarial relationship
constitutionally required in a case or controversy in the federal courts." *Gurney's  Inn
Resort & Spa Ltd. v. Benjamin*, 743 F. Supp.2d 117, 121 (E.D.N.Y. 2010) (internal
quotation omitted); *See Still v. DeBuono*, 927 F. Supp. 125, 130 (S.D.N.Y.) ("federal
courts are generally required to realign parties according to their real interests so as to
produce an actual collision of interests."), *aff'd* 101 F.3d 888 (2d Cir. 1996).  Moreover,
the court "must disregard nominal or formal parties and rest jurisdiction only upon the
citizenship of real parties to the controversy." *Navarro Savings Assoc. v. Lee*, 446 U.S.
458, 461 (1980).

        Parties are considered nominal if they have no personal stake in the
outcome of the litigation and are not necessary to its ultimate resolution.  *McAlpin v. RLI
Ins. Co.*, 320 F. Supp.2d 42, 43 (W.D.N.Y. 2004); *See Still*, 927 F. Supp. at 129 (A

party is nominal when that party has little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stated against it.); *Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is nominal or formal if no cause of action or claim for relief is or could be stated against him or on his behalf, as the case may be.").  Even in the absence of outright fraud, a party will not divest diversity jurisdiction where there is "no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court."  *Pampillonia, 138 F.3d* at 461.  "The removing party bears the burden of demonstrating that a nondiverse defendant is a formal or nominal party whose citizenship may be ignored for diversity purposes."  *McAlpin*, 320 F. Supp.2d at 43.

      The complaint before this Court seeks a declaration that Central is in breach of its contract of insurance with Michael Bruscani to provide defense and indemnification to Mark Bruscani with respect to the injury alleged by Cynthia Walczak. The complaint does not seek any relief from or assert any claims against or allege any wrongdoing by any defendant other than Central and none of these other defendants can provide plaintiff with the relief plaintiff seeks, *to wit*, defense and indemnification under the contract of insurance.  There are no allegations linking Bruscani Concrete to the contract of insurance.  As the underlying personal injury claimant, Cynthia Walczak is not permitted to maintain a declaratory judgment against the tortfeasors insurer until she has first obtained a judgment of liability against the tortfeasor, and is, therefore, merely a nominal defendant in this insurance coverage action.  *Pacific Westeel Racking*

*Inc. v. Evanston Ins. Co.*, No. 06 Civ. 14243, 2008 WL 400935, at *3 (S.D.N.Y. Feb. 14,

2008); *Lewis Morris Assocs. v. Admiral Ins. Co.*, No. 04 Civ. 1757, 2004 WL 1065522,

at *2 (S.D.N.Y. May 11, 2004).  To the extent that Cynthia Walczak has an interest in

the outcome of this litigation, that interest is aligned with plaintiff.  *McAlpin*, 320 F.

Supp.2d at 43.  Similarly, to the extent that Michael Bruscani has any interest in this

litigation, it would be in favor of obtaining coverage under the insurance contract to

compensate Cynthia Walczak for any liability she obtained in the personal injury action.

*New York State Ins. Fund v. U.S. Liab. Ins. Fund*, No. 03 Civ. 6652, 2004 WL 385033,

at *2 (S.D.N.Y. March 2, 2004).  Accordingly, it is recommended that the Court find

removal of this action based upon diversity of citizenship to be proper.


            <u>Motion to Dismiss</u>

            Home Depot and Bruscani Concrete move to dismiss the action for failure

to state a claim.  Dkt. #10 & Dkt. #13.  In support of the motion, they argue that no

cause of action or allegations suggesting liability are asserted against them and that

their presence in this lawsuit is immaterial to a determination of whether Mark Bruscani

is entitled to defense and indemnification under the insurance policy issued by  Central.

Dkt. #10-16 & Dkt. #13-1.


            There is no opposition to these motions.


            To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As Mark Bruscani's complaint seeking a declaration Central is in breach of its contract of insurance with Michael Bruscani to provide defense and indemnification to Mark Bruscani with respect to the injury alleged by Cynthia Walczak alleges no facts supporting any claim against Home Depot or Bruscani Concrete and seeks no relief from Home Depot or Bruscani Concrete, it is recommended that their motions to dismiss be granted.

## CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's motion to realign the parties so as to uphold removal of this action based upon diversity jurisdiction (Dkt. #2), be GRANTED and that the motions to dismiss be GRANTED as to Home Depot, USA, Inc. (Dkt. #10), and Bruscani Concrete Construction, Inc.  Dkt. #13.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.

The Clerk is hereby directed to send a copy of this Report,  Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:     Buffalo, New York**
**October 12, 2017**

                                                 *s/ H. Kenneth Schroeder, Jr.*
                                                 **H. KENNETH SCHROEDER, JR.**
                                                 **United States Magistrate Judge**