UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK BRUSCANI,

                    Plaintiff,

     v.                                            17-CV-485VLJV(Sr)
                                                   ORDER
CENTRAL MUTUAL INSURANCE COMPANY,
MICHAEL BRUSCANI,
HOME DEPOT USA, INC.,
BRUSCANI CONCRETE CONSTRUCTION, INC.;
AND CYNTHIA WALCZAK,

                    Defendants.
_____

On June 30, 2015, the plaintiff, Mark Bruscani, commenced this action in New York State Supreme Court. Docket Item 1-2 at 5 ¶10. On June 2, 2017, defendant, Central Mutual Insurance Company ("Central"), filed a notice of removal to this Court. Docket Item 1. The case was then referred to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings pursuant to 28 U.S.C. Sections 636(b)(1)(A) and (B). Docket Item 18. Currently before the court are three motions filed by three different defendants: a motion by Central to realign the parties, Docket Item 2, and separate motions to dismiss by Home Depot, USA, Inc. ("Home Depot"), and Bruscani Concrete Construction, Inc. ("Bruscani Concrete"), Docket Items 10 & 13.

On October 12, 2017, Judge Schroeder issued a Report and Recommendation ("R&R") finding that the all three motions should be granted. Docket Item 19. The parties did not object to the R&R, and the time to do so now has expired. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. Section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Schroeder's R&R as well as the parties' submissions to him. Based on that review and the absence of any objections, the Court accepts and adopts Judge Schroeder's recommendation to grant Central's motion to realign the parties. Additionally, because the plaintiff has alleged no claim against, and seeks no relief from, either Home Depot or Bruscani Concrete, both motions to dismiss are granted.

For the reasons stated above and in the R&R, Central's motion to realign the parties (Docket Item 2) is GRANTED; Home Depot's motion to dismiss (Docket Item 10) is GRANTED; and Bruscani Concrete's motion to dismiss (Docket Item 13) is GRANTED. Because realignment of the parties will achieve complete diversity, this case may properly proceed in federal court. The case is referred back to Judge Schroeder consistent with the original referral order of August 31, 2017.

SO ORDERED.

Dated: November 7, 2017
       Buffalo, New York

*s/Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE